UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL RYKARD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:05-CV-352-TS |
| v. ) | |
| ) | |
| TIMOTHY E. BOBAY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Paul Rykard, Jr., *a pro se* prisoner, submitted a 42 U.S.C. § 1983 prisoner complaint. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

A.

Rykard alleges that false statements were intentionally made in the affidavit used to obtain a search warrant for his property.

> Under *Franks v. Delaware*, 438 U.S. 154 (1978), if a defendant can demonstrate by a preponderance of the evidence that the signatory of the warrant affidavit made a false statement (or omitted a material fact) either intentionally or with reckless disregard for the truth, then a court will consider whether the content of the affidavit, setting aside the false material (or including the omitted material), is sufficient to establish probable cause. If it is not, the search warrant must be voided and the fruits of the search excluded.

*United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004) (parallel citations omitted). If the alleged false statements were not sufficient to result in voiding the warrant and excluding the evidence obtained with it, then Rykard suffered no injury as a result of the false statements and he does not have a claim. If the alleged false statements were sufficient to result in voiding the warrant and excluding the evidence obtained with it, then that claim is not ripe until the conviction which resulted from the evidence obtained with that warrant is overturned or set aside.

Where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Here, a monetary award based on a finding that the warrant affidavit contained relevant, intentionally false statements would imply the invalidity of Rykard's conviction, therefore this allegation does not state a claim

on which relief can be granted at this time and the claim must be dismissed without prejudice. If, in the future, Rykard can demonstrate that his resulting conviction has been overturned, then he may re-file this claim.

B.

Rykard alleges that the warrant did not authorize the police to enter his home without first knocking, announcing their presence, and permitting him to answer the door. The constitution does not prohibit "no-knock" entries and it does not require that a "no-knock" entry be authorized by warrant. *See Richards v. Wisconsin*, 520 U.S. 385, 394 (1997). Rykard alleges that the "no-knock" entry was invalid because it was not authorized by the warrant itself, but the Constitution does not require that a warrant pre-authorize a "no-knock" entry. Therefore this claim will be dismissed.

C.

Rykard also alleges that, while executing the search warrant, the police destroyed his property and killed his dogs which were chained to the front of his house. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-

deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") "The courts in this and in other states in numerous decisions have held that dogs are property." *Vantreese v. McGee*, 60 N.E. 318, 318 (Ind. Ct. App. 1901). Therefore, even though Rykard may have a state tort claim, he does not have a federal constitutional claim based on the destruction of his property.

### D.

Rykard presents other vicarious claims premised on the facts involved with these three dismissed claims. He alleges that the officers involved were acting in accordance with a policy and practice of the City of Fort Wayne; that the city did not properly supervise, train, and control its police officers; and that the officers conspired to deny him his civil rights. Because all of the underlying claims have been dismissed, there is no basis for any of these claims either. Therefore, they will be dismissed.

### E.

Finally, Rykard asserts state law claims. Because the Court has dismissed all of his federal law claims, it declines to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c)(3). These claims will be dismissed without prejudice so that he may pursue them in state court.

F.

For the forgoing reasons, the Court:

(1) **DISMISSES WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A, Paul Rykard, Jr.'s, claims related to intentionally false statements made in the warrant affidavit;

(2) **DISMISSES WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A, Paul Rykard, Jr.'s, claims related to the destruction of his property;

(3) **DISMISSES WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1367(c)(3) and 28 U.S.C. § 1915A, all of the state law claims; and

(4) **DISMISSES WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915A, all of the other claims in the Complaint.

SO ORDERED on April 26, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT